UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIMOTHY MITCHELL,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>D. GARRETT, et al.,<br><br>　　　　Defendants. | No. 2: 17-cv-2653 KJN P<br><br>ORDER |

Plaintiff is a state prisoner, proceeding without counsel, with a civil rights action pursuant to 42 U.S.C. § 1983. The parties have consented to the jurisdiction of the undersigned. (ECF Nos. 9, 19.)

On March 22, 2019, defendants filed a motion for summary judgment on the grounds that plaintiff failed to exhaust administrative remedies. (ECF No. 41.) On January 23, 2018, the court advised plaintiff of the requirements for opposing a motion for summary judgment based on plaintiff's failure to exhaust administrative remedies pursuant to Rule 56 of the Federal Rules of Civil Procedure. See Rand v. Rowland, 154 F.3d 952, 957 (9th Cir. 1998) (en banc), and Klingele v. Eikenberry, 849 F.2d 409, 411-12 (9th Cir. 1988). (ECF No. 12.)

On May 3, 2019, plaintiff was ordered to file an opposition or a statement of non-opposition to the pending motion within thirty days. (ECF No. 44.) In that same order, plaintiff was advised of the requirements for filing an opposition to the pending motion and that failure to

oppose such a motion would be deemed as consent to have the: (a) pending motion granted; (b) action dismissed for lack of prosecution; and (c) action dismissed based on plaintiff's failure to comply with these rules and a court order. Plaintiff was also informed that failure to file an opposition would result in a recommendation that this action be dismissed pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. However, because the parties have consented to the jurisdiction of the undersigned, the undersigned will not issue findings and recommendations.

The thirty days period has now expired and plaintiff has not responded to the court's order.

"Pursuant to Federal Rule of Civil Procedure 41(b), the district court may dismiss an action for failure to comply with any order of the court." Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992). "In determining whether to dismiss a case for failure to comply with a court order the district court must weigh five factors including: '(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives.'" Ferdik, 963 F.2d at 1260-61 (quoting Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986)); see also Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995).

In determining whether to dismiss this action, the court has considered the five factors set forth in Ferdik. Here, as in Ferdik, the first two factors strongly support dismissal of this action. The action has been pending for 1 ½ years and has reached the stage for resolution of a motion based on plaintiff's alleged failure to exhaust administrative remedies. Plaintiff's failure to comply with the Local Rules and the court's May 3, 2019 order suggests that he has abandoned this action and that further time spent by the court thereon will consume scarce judicial resources in addressing litigation which plaintiff demonstrates no intention to pursue.

Under the circumstances of this case, the third factor, prejudice to defendants from plaintiff's failure to oppose the motion, also favors dismissal. Plaintiff's failure to oppose the motion prevents defendants from addressing plaintiff's substantive opposition, and would delay resolution of this action, thereby causing defendants to incur additional time and expense.

1    The fifth factor also favors dismissal.  The court has advised plaintiff of the requirements
2 under the Local Rules and granted ample additional time to oppose the pending motion, all to no
3 avail.  The court finds no suitable alternative to dismissal of this action.
4    The fourth factor, public policy favoring disposition of cases on their merits, weighs
5 against dismissal of this action as a sanction.  However, for the reasons set forth supra, the first,
6 second, third, and fifth factors strongly support dismissal.  Under the circumstances of this case,
7 those factors outweigh the general public policy favoring disposition of cases on their merits.  See
8 Ferdik, 963 F.2d at 1263.
9    For the foregoing reasons, IT IS HEREBY ORDERED that this action is dismissed
10 without prejudice pursuant to Federal Rule of Civil Procedure 41(b).
11 Dated:  June 20, 2019

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

Mitch2653.fr